IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE GARVEY, individually and on behalf of classes of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) ) | |
| FORTEGRA FINANCIAL CORPORATION, a Delaware corporation, PALMER ADMINISTRATIVE SERVICES, INC., a Delaware corporation, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Terence Garvey ("Plaintiff") brings this class action complaint against Defendants Fortegra Financial Corporation ("Fortegra") and Palmer Administrative Services, Inc. ("Palmer") (collectively "Defendants"), to stop Defendants' unlawful telephone solicitation practices and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to market automotive warranties, Fortegra, an underwriter of such products, engaged Palmer, an administrator of such products, to establish an automated calling operation through a number of third-parties to place unsolicited telemarketing calls to the cellular telephones of thousands of consumers nationwide.

2. Defendants violated federal law when the automated calling operation established, directed, and facilitated by Defendants placed unauthorized automated telephone calls

1

("robocalls") using an Automatic Telephone Dialing System ("ATDS") to the cellular telephones of individuals throughout the nation.

3. Defendants also violated federal law when the automated calling operation established, directed, and operated by Defendants to market Defendants' automotive warranties, placed unauthorized telephone solicitation calls to the telephones of individuals throughout the nation whose phone numbers were registered with the National Do-Not-Call registry, as established by 47 U.S.C. § 227(c).

4. By effectuating these unauthorized calls, Defendants have violated the called parties' statutory rights and have caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls, but also because the recipients often have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

5. In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide classes brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

6. On behalf of the classes, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received Defendants' unsolicited robocalls within this District.

## PARTIES

9. Plaintiff is a resident of the State of Illinois.

10. Defendant Fortegra is a nationwide provider of automotive warranty underwriting services and a subsidiary of Tiptree Financial, Inc. Fortegra is a Delaware corporation with its principal place of business located in Florida. Fortegra conducts business in this District, and conducts business elsewhere throughout the United States.

11. Defendant Palmer Direct is a nationwide provider of automotive warranty administration services. Palmer is a Delaware corporation with its principal place of business located in New Jersey.

## COMMON ALLEGATIONS OF FACT

12. Fortegra is a nationwide provider of automotive warranty underwriting services to numerous warranty administrators including but not limited to Palmer.

13. Palmer is an automotive warranty administrator who sells and services automotive warranty policies to consumers nationwide and partners with Fortegra to finance the sale of such policies.

14. In an effort to increase the sale of their automotive warranty products, Fortegra partnered with Palmer to establish an automated calling operation to solicit potential customers nationwide. The call centers established on behalf of Defendants were operated by third-parties

which marketed their goods and services by using an ATDS to place telephone calls to the phone numbers of thousands of potential customers every day.

15. The automated calling operation was established to act on Defendants' behalf to solicit the purchase Defendants' automotive warranty services.

16. Starting at least as early as 2013, Defendants, through their automated calling operation, engaged in the mass transmission of unsolicited robocalls to the cell phones nationwide of what they hoped were potential customers of Defendants' automotive warranty services.

17. Beginning in or about June 2014, in an apparent effort to sell Defendants' automotive warranty services to Plaintiff, Defendants began placing robocalls to Plaintiff's cellular telephone.

18. Specifically, Plaintiff's cell phone would ring and indicate that he was receiving a phone call from 847-582-3220, a phone number associated with Defendants' automated calling operation that markets Defendants' automotive warranties.

19. These automated solicitation calls, including the calls made to Plaintiff, were placed en masse using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative.

20. When Plaintiff would answer the phone calls, the call would be connected to Defendants' automated calling operation and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting Defendants' automotive warranty services.

4

21. For example, on or about November, 2016, Plaintiff received yet another unauthorized robocall from Defendants. When Plaintiff answered the call, a sales associate introduced herself by name, stated that she was calling on behalf of Nations Auto Protection, a marketer of Defendants' products, and proceeded to make a sales pitch. The sales associate told Plaintiff to call 800-866-1627 – another phone number associated with Defendants' automated calling operation that markets Defendants' automotive warranties – if he was interested in purchasing a warranty in the future.

22. Plaintiff received these unwanted and unsolicited robocalls one to two times per month over the past several years preceding the filing of the instant complaint. The unauthorized robocalls placed by Defendants invaded Plaintiff's privacy, forced him to spend hours investigating their source, and repeatedly interfered with his use of his cellular telephone over a matter of months.

23. Plaintiff's cellular telephone number has been registered with the National Do-Not-Call Registry at all times that he received robocalls from Defendants. Plaintiff had never contacted Defendants for any purpose or had any business relationship with either Defendant, prior to the calls commencing.

24. Defendants are, or should have been, aware that the automated calling operation marketing their warranties was placing telephone solicitation calls in violation of the TCPA.

25. Defendants had the ability to prevent unauthorized calls in violation of the TCPA from being placed by their automated calling operation.

5

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and the following classes (together, the "Classes") defined as follows:

(i) The Fortegra Class: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranties underwritten by Fortegra through an automated telephone dialing system without providing prior express consent to receive such phone calls.

(ii) The Written Consent Subclass: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranties underwritten by Fortegra through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

(iii) The Palmer Subclass: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranties administered by Palmer through an automated telephone dialing system without providing prior express consent to receive such phone calls.

(iii) The Do-Not-Call Class: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received at least two telephone solicitation calls in any twelve month period on their telephone advertising Defendants' automotive warranties more than 31 days after registering their telephone number with the

National Do-Not-Call Registry and who did not have a prior established business relationship with Defendants and did not provide Defendants prior express written consent to receive such calls..

27. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

28. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

29. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

30. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

31. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

32. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Defendants cause automated telephone calls marketing Defendants' products and services to be placed?

(b) Were the calls marketing Defendants' automotive warranties placed using an automatic telephone dialing system?

(c) Did Defendants cause telephone solicitation calls advertising their products to be placed using an automatic telephone dialing system to persons who did not previously provide Defendants with prior express consent to receive such calls on their respective cellular telephone numbers?

(d) Did Defendants cause to be placed telephone solicitation calls advertising their services using an automatic telephone dialing system after October 16, 2013 to persons who did not previously provide Defendants with prior express written consent to receive such calls on their respective cellular telephone numbers?

(e) Did the unauthorized calls made on behalf of Defendants using an ATDS violate the TCPA?

(f) Did Defendants cause to be placed telephone solicitation calls advertising Defendants' services to persons whose telephone numbers were registered with

8

the National Do-Not-Call Registry and did not provide Defendants with prior express written consent to receive such calls?

(g) Was Defendants' conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(h) Should Defendants be enjoined from continuing to engage in such conduct?

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Fortegra Class and Subclasses

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. Defendants made unauthorized telephone solicitation calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Fortegra Class and Subclasses. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

35. Defendants made unauthorized telephone solicitation calls after October 16, 2013 without prior express written consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Written Consent Subclass. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

36. Defendants' conduct violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

37. As a result of Defendants' illegal conduct, the members of the Fortegra Class and Subclasses have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT II**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of the Do-Not-Call Class**

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Defendants made at least two telephone solicitation calls to the telephone numbers of Plaintiff and the other members of the Do-Not-Call Class within any twelve month period within the four years prior to the commencement of this litigation.

40. Each such call was placed more than 31 days after Plaintiff and the other members of the Do-Not-Call Class had registered their respective phone numbers with the National Do-Not-Call Registry.

41. Plaintiff and the other members of the Do-Not-Call Class never had an established business relationship with Defendants prior to receiving the calls.

42. Plaintiff and the other members of the Do-Not-Call Class never gave prior express written consent to Defendants to receive telephone solicitation calls prior to receiving the calls.

43. Defendants' conduct violated the TCPA, 47 U.S.C. § 227(c)(5) and its implementing regulations 47 C.F.R. 64.1200(c)(2) and 47 C.F.R. 64.1200(e).

44. As a result of Defendants' illegal conduct, the members of the Do-Not-Call Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47

U.S.C. § 227(c)(5)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## REQUEST FOR RELIEF

Plaintiff, on behalf of himself and the Classes, requests the following relief:

A. An order certifying the Classes as defined above;

B. An award of statutory damages;

C. An injunction requiring Defendants to cease all unauthorized automated telephone activities;

D. An award of reasonable attorney's fees and expenses of litigation; and

E. Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  December 8, 2016                TERENCE GARVEY, individually and on behalf of classes of similarly situated individuals

By: /s/ Michael J. McMorrow
One of Plaintiff's Attorneys

Michael J. McMorrow
mike@mjmcmorrow.com
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602
Tel: (312) 265-0708