IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**TERENCE GARVEY, individually and on behalf of
classes of similarly situated individuals,**

    **Plaintiff,**

vs.                                                       CASE NO.: 1:16-cv-11210

**FORTEGRA FINANCIAL CORPORATION, et al.,**

    **Defendants.**
_____/

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Palmer Administrative Services, Inc. ("Palmer") and Fortegra Financial Corporation ("Fortegra") (together with Palmer, "Defendants"), by counsel, hereby file their Memorandum in Support of their Motion to Enforce Settlement Agreement and state as follows:

**I. INTRODUCTION**

In an April 18, 2017 email, Plaintiff accepted Defendants' offer to settle this case and the parties agreed to the material terms of settlement: payment of $50,000 to Plaintiff in exchange for a release of Defendants and their related entities. Despite the parties' unequivocal agreement, Plaintiff has apparently changed his mind and now seeks to repudiate the agreed-to settlement. Under well-established Illinois law, however, a settlement agreement is binding and enforceable where, as here, there has been an offer, acceptance, and a meeting of the minds. This Court should enforce the parties' settlement agreement and dismiss this matter with prejudice.

**II. BACKGROUND**

Plaintiff filed his putative Class Action Complaint on December 8, 2016. (ECF No. 1). Count I alleges that Defendants violated the Telephone Consumer Protection Act by calling Plaintiff's cell phone using an automatic telephone dialing system without his prior express

consent. Count II alleges that Defendants violated the TCPA by calling Plaintiff's cell phone despite having registered the telephone number on the national Do-Not-Call registry. After filing their responsive pleadings, Defendants moved to stay the case pending the outcome of the United States Court of Appeals for the District of Columbia Circuit's decision in *ACA International v. FCC*, No. 15-1211 (D.C. Cir.), arguing that the resolution of that appeal would likely impact the viability of Count I. (ECF Nos. 16, 17). Defendants' motion remains pending.[1]

Despite the pendency of the motion to stay, the parties engaged in settlement discussions. These settlement discussions ultimately culminated in a settlement agreement memorialized by email between counsel on April 18, 2017. *See* Exhibit 1 to Declaration of Mitchell N. Roth ("Roth Declaration") (attached hereto as **Exhibit A**). In this exchange, Plaintiff agreed to Defendants' offer to pay "$50,000 over 10 consecutive monthly payments, with terms to be reflected in a settlement agreement" in exchange for a "[r]elease for all defendants, affiliates, subsidiaries, agents, resellers, etc." *Id.*

Following the agreement, Plaintiff's counsel indicated that he would inform the Court of the settlement and circulate a draft formal settlement agreement. *See* Exhibit 2 to the Roth Decl., Ex. A. Nevertheless, in a telephone call to Defendants' counsel on June 6, 2017, Plaintiff's counsel backed out of the settlement. *See id.* at ¶ 5. Plaintiff then moved for leave to amend the Complaint, (ECF Nos. 31, 32), which this Court denied. (ECF No. 34).

### III. ARGUMENT

#### A. Legal Standard

District courts have the inherent and equitable power to enforce agreements to settle cases pending before them. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). "Settlement

---

[1] Defendants also moved to stay discovery until the Court rules on Defendants' motion to stay. (ECF Nos. 18, 19). This motion also remains pending.

agreements are contracts, thus their construction and enforcement are governed by ordinary contract principles." *Conway v. Done Rite Recovery Servs.*, Case No. 14-cv-5182, 2016 U.S. Dist. LEXIS 159439, at *5 (N.D. Ill. Nov. 17, 2016) (citing *Gutta v. Standard Select Trust Inc. Plans*, 530 F.3d 614, 618 (7th Cir. 2008)). Illinois law governs the Court's determination of whether an enforceable settlement agreement was reached by the parties. *Conway*, 2016 U.S. Dist. LEXIS 159439 at * 6 (citing *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007)). Under Illiniois law, "'[w]hether a meeting of the minds occurred depends on the parties' objective conduct, not their subjective beliefs.'" *Montgomery v. Vill. of Posen*, No. 14 C 3864, 2017 U.S. Dist. LEXIS 42543, at *12 (N.D. Ill. Mar. 23, 2017) (quoting *Dillard*, 483 F.3d at 507)). Furthermore, "[i]t is well settled that 'a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court.'" *Id.* at *11 (quoting *Wilson*, 46 F.3d at 667). Thus, a settlement agreement is presumptively valid unless a party proves certain exceptional circumstances inapplicable here. *Id.* at *12 (citing *Opper v. Brotz*, 277 Ill. App. 3d 1024, 1028, 661 N.E.2d 1159, 1162 (1996)).

Even "'informal writings between parties can constitute a binding settlement agreement unless the parties decide to expressly condition their deal on the signing of a formal document.'" *Conway*, 2016 U.S. Dist. LEXIS 159439 at *6 (quoting *Seko Worldwide, LLC v. Four Soft Ltd.*, 503 F. Supp. 2d 1059, 1061 (N.D. Ill. 2007)). Email exchanges can thus constitute binding settlement agreements. *Id.* (citing *Transp. Ins. Co. v. Island Food Stores, Ltd.*, No. 09-CV-7193, 2011 U.S. Dist. LEXIS 5728, at *4 (N.D. Ill. Jan. 20, 2011)). "[T]he fact that a formal written document is anticipated but then is never finalized does not preclude enforcement of a specific preliminary promise." *Robin v. Robin*, Cause No. 02 C 8181, 2004 U.S. Dist. LEXIS 32455, *16 (N.D. Ill. Jan. 20, 2004).

3

### B. Plaintiff's Email Created an Enforceable Settlement Agreement.

"My client accepts." *See* Ex. 1 to Roth Decl., Ex. A.

Clearer words cannot be communicated to express acceptance of a settlement offer. By transmitting his client's acceptance to Defendants' counsel, Plaintiff's counsel created a binding settlement agreement.

The email exchange created an enforceable settlement agreement because "there was a meeting of the minds or mutual assent to all material terms." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016) (citing *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999)). "Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do." *Id.* (citing *K4 Enters., Inc. v. Grater, Inc.*, 394 Ill. App. 3d 307, 313, 914 N.E.2d 617, 624 (2009)). "Illinois follows the objective theory of intent" and will therefore look to "written records, not to mental processes" to confirm a meeting of the minds. *Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008). Moreover, terms governing "contingent matters" are not *de facto* material. *Dillard*, 483 F.3d at 508 (citing *Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill. App. 3d 890, 897, 773 N.E.2d 1277, 1282 (2002)). Indeed, [e]very feasible contingency that might arise in the future need not be provided for in a contract for the agreement to be enforceable." *Pritchett*, 332 Ill. App. 3d at 897, 773 N.E.2d at 1282.

In this case the records, i.e., the emails, clearly demonstrate that the Plaintiff agreed to the following material terms: Defendants would pay Plaintiff "$50,000 over 10 consecutive monthly payments" in exchange for a "[r]elease for all defendants, affiliates, subsidiaries, agents, resellers, etc." *See* Ex. 1 to Roth Decl., Ex. A; *see, e.g.*, *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010) (finding the material terms were definite and certain where the defendants agreed to

4

pay $6,000 in exchange for the plaintiff's dismissal of the lawsuit). Thus, the material terms are sufficiently "definite and certain" such that the Court "can ascertain the parties' agreement." *See Dillard*, 483 F.3d at 507 (7th Cir. 2007) (citing *Quinlan v. Stouffe*, 355 Ill. App. 3d 830, 839038, 823 N.E.2d 597, 603(2005)).

Accordingly, the Court should enforce the binding settlement agreement between the parties and dismiss this case with prejudice.

### C. Settlement Agreements Memorialized Through Email Are Enforceable.

Courts in the Northern District of Illinois have consistently enforced settlement agreements created under similar circumstances. In *Conway v. Done Rite Recovery Services*, the court found that the plaintiff "unambiguously accepted" the defendants' settlement offer based on the parties' email exchanges, although a more formal settlement agreement was never executed. 2016 U.S. Dist. LEXIS 159439, at *7. The court held that because "the parties did not expressly condition their agreement on the signing of a formal document," "the email exchange constitutes a binding agreement." *Id.* at *7-8.

Similarly, in *Beverly v. Abbott Laboratories*, the Seventh Circuit affirmed the court's decision enforcing a handwritten note as a valid settlement agreement because the agreement's "terms were clearly conveyed and consented to by both parties." 817 F.3d at 331 (enforcing the parties' executed note from the plaintiff during mediation demanding "$210,000 and mediation costs in exchange for dismissing the lawsuit").

As in *Conway* and *Beverly*, Plaintiff and Defendants' e-mail exchange, which establishes the material terms of settlement, *see* Sec. III.B. *supra*, constitutes a binding agreement. The Court should therefore enforce the Parties' settlement agreement and dismiss the case.

### D. A Formal Settlement Agreement Is Not a Prerequisite to a Binding Settlement.

The email exchange reveals that the parties anticipated that the terms would be "reflected" in a formal settlement agreement, *see* Ex. 1 to Roth Decl., Ex. A, but such a document was never finalized.[2] Yet, the binding nature of the parties' agreement is unaffected by this because under Illinois law "the fact that a formal written document is anticipated but then is never created or finalized does not preclude enforcement of a specific preliminary promise." *Robin v. Robin*, Cause No. 02 C 8181, 2004 U.S. Dist. LEXIS 32455, at *16 (N.D. Ill. Jan. 20, 2004). Indeed, in *Beverly v. Abbott Laboratories*, the Seventh Circuit enforced an agreement reached during mediation despite the plaintiff's refusal to later execute a more formal settlement agreement. *Beverly*, 817 F.3d at 331, 334 ("[T]he anticipation of a more formal future writing does not nullify an otherwise binding agreement.") (internal quotations omitted); *see also TRT Transp., Inc. v. Aksoy*, 506 Fed. App'x 511, 513 (7th Cir. 2013) ("[T]he simple fact that a formal document will follow does not reduce an oral agreement to a 'negotiation' if 'the ultimate contract will be substantially based on the same terms.'" (quoting *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 588 (7th Cir. 2012))).

Accordingly, the fact that the Parties in this case desired to reflect their agreement in a subsequent, more formal document does not negate the enforceability of the agreement reached via email on April 18, 2017. The Court should therefore enforce the settlement and dismiss this

---

[2] Although there was some negotiation between the parties over Plaintiff's desire to carve out certain claims from the release language in the formal draft, Defendants ultimately approved Plaintiff's draft. *See* Roth Decl., Ex. A, at ¶ 4. Nevertheless, on or about June 6, 2017, Plaintiff's counsel informed Defendants' counsel that Plaintiff was reneging on the settlement. *See id.* at ¶ 5.

matter as fully resolved.

> **E. A Party's Change of Mind Is Insufficient to Set Aside a Settlement Agreement Where the Objective, Written Intent to Settle is Clear.**

During a call with Defendants' counsel on or about June 6, 2017, Plaintiff's counsel attempted to repudiate the parties' settlement agreement previously reached on April 18, 2017. The written record, however, demonstrates a clear meeting of the minds that the case had been wholly settled. *See* Exs. 1, 2 to Roth Decl., Ex. A. In fact, Plaintiff's counsel wrote to Defendants' counsel that "he would inform the Court of the settlement." Ex. 2 to Roth Decl., Ex. A.

Having reached an enforceable agreement, Plaintiff cannot then change his mind and repudiate the contract. *See Conway*, 2016 U.S. Dist. LEXIS 159439 at *11-12 (rejecting plaintiff's attempt to rescind settlement agreement because he preferred other terms, noting that the "Seventh Circuit has made clear that a 'settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court'" (quoting *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995)). Likewise, in *Robin v. Robin,* the Court held that "'a mere change of mind is not sufficient grounds for setting aside a settlement agreement.'" 2004 U.S. Dist. LEXIS 32455 at *17 (quoting *Porter v. Chicago Bd. of Educ.*, 981 F. Supp. 1129, 1132 (N.D. Ill. 1997)). The Court explained:

> As the Seventh Circuit has stated, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient . . . . If a party to a . . . suit who has previously authorized a settlement changes his mind . . . , that party remains bound by the terms of the agreement."

*Robin*, 2004 U.S. Dist. LEXIS 32455 at *17-18 (quoting *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) (alternations in original)). Moreover, Plaintiff's "intransigence or 'refusal to budge'" on terms he introduced after the agreement was reached

7

does not establish such terms' materiality or render the agreement unenforceable. *Dillard*, 483 F.3d at 508 (quoting *Beverly*, 817 F.3d at 335).

Thus, Plaintiff's purported repudiation of the terms to which he previously unequivocally agreed is of no effect. The Parties' settlement agreement consummated by email, *see* Ex. 1 to Roth Decl., Ex. A ("My client accepts."), is therefore enforceable. The Court should hold Plaintiff to his express agreement to settlement in exchange for a release of Defendants' and their related entities and dismiss this case.

## V. CONCLUSION

Wherefore, Defendants respectfully request that this Court enforce the Parties' April 18, 2017 settlement agreement and dismiss this case.

Dated: August 15, 2017

Respectfully submitted,

FORTEGRA FINANCIAL CORPORATION and PALMER ADMINISTRATIVE SERVICES, INC.

By Counsel

/s/ Michael A. Jacobson
David S. Wayne (ARDC #6238327)
Michael A. Jacobson (ADRC #6313122)
Arnstein & Lehr LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
312-876-7865 (telephone)
312-876-0288 (facsimile)
dwayne@arnstein.com
majacobson@arnstein.com

- and -

Mitchell N. Roth (*pro hac vice*)  
Genevieve C. Bradley (*pro hac vice*)  
ROTH JACKSON  
8200 Greensboro Drive, Suite 820  
McLean, Virginia 22102  
703-485-3531 (telephone)  
703-485-3525 (facsimile)  
mroth@rothjackson.com  
gbradley@rothjackson.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of August 2017, the foregoing document was filed via ECF and sent via electronic mail, to:

  Michael J. McMorrow
  MCMORROW LAW, P.C.
  One North LaSalle Street, 44th Floor
  Chicago, IL 60602

  and

  Eugene Y. Turin
  McGuire Law, P.C.
  55 West Wacker Drive, 9th Floor
  Chicago, IL 60601

                /s/ Michael A. Jacobson