IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TERENCE GARVEY, individually and on behalf of
classes of similarly situated individuals,

    Plaintiff,

vs.                                       CASE NO.: 1:16-cv-11210

FORTEGRA FINANCIAL CORPORATION, et al.,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SCHEDULE EVIDENTIARY HEARING

Defendants Palmer Administrative Services, Inc. ("Palmer") and Fortegra Financial Corporation ("Fortegra") (together with Palmer, "Defendants"), by counsel, hereby file their Memorandum in Support of their Renewed Motion to Enforce Settlement Agreement and Schedule Evidentiary Hearing, and state as follows:

- **INTRODUCTION**

Defendants respectfully renew their previously filed Motion to Enforce Settlement Agreement ("Motion"), Doc. No. 35, and request that this Court schedule an evidentiary hearing for the purposes of deciding the same. Defendants hereby restate and incorporate as though fully set forth herein their Motion, the arguments contained in their Memorandum in Support thereof, Doc. No. 36, and those in their Reply in Support of Motion to Enforce Settlement Agreement, Doc. No. 44.

- **BACKGROUND**

Defendants filed their Motion on August 15, 2017 requesting that this Court find

1

that the parties reached a binding agreement, Doc. Nos. 35-36. Plaintiff filed his Opposition to that Motion on September 8, 2017, Doc. No 42. In its October 20, 2017 Order, Doc. No. 45, this Court found that "genuine issues of material fact exist[ed] in the pleadings" as to whether a binding agreement to settle was ever formed, and that an evidentiary hearing would be necessary to properly decide the Motion. Order, at 3.

- **ARGUMENT**

Defendants contend that the parties agreed to settle via an email exchange dated April 18, 2017. *See* Mot. at 1-2, 4-5.

This Court has the inherent and equitable power to enforce agreements to settle cases pending before them. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). Illinois law governs the Court's determination of whether an enforceable settlement agreement was reached by the parties in this case. *Conway v. Done Rite Recovery Servs.*, Case No. 14-cv-5182, 2016 U.S. Dist. LEXIS 159439, at *6 (Nov. 17, 2016) (citing *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007)). Under Illinois law, "'[w]hether a meeting of the minds occurred depends on the parties' objective conduct, not their subjective beliefs.'" *Montgomery v. Vill. of Posen*, No. 14 C 3864, 2017 U.S. Dist. LEXIS 42543, at *12 (N.D. Ill. Mar. 23, 2017) (quoting *Dillard*, 483 F.3d at 507)).

Additionally, Illinois law recognizes that "informal writings between parties can constitute a binding settlement agreement unless the parties decide to expressly condition their deal on the signing of a formal document." *Seko Worldwide, LLC v. Four Soft Ltd.*, 503 F. Supp. 2d 1059, 1061 (N.D. Ill. 2007). Specifically, Illinois courts recognize that "email exchanges can constitute a binding agreement." *Transp. Ins. Co. v. Island Food*

*Stores, Ltd.*, No. 09-CV-7193, 2011 U.S. Dist. LEXIS 5728, at *1 (Jan. 20, 2011).

In denying Defendants' Motion without prejudice in an October 20, 2017 Order, Doc. No. 45, this Court found that "genuine issues of material fact exist[ed] in the pleadings." This Court stated that an evidentiary hearing would be necessary to properly decide whether a binding settlement agreement was formed by the parties via their email communications before deciding the Motion. Order, 3. Defendants therefore seek the opportunity to present evidence on this matter and demonstrate to this Court that the parties had reached a binding agreement to settle through this April 18, 2017 email exchange.

- **CONCLUSION**

WHEREFORE, pursuant to the Court's Order, Defendants Palmer and Fortegra respectfully move this Court to schedule an evidentiary hearing on their Renewed Motion to Enforce Settlement Agreement and, upon consideration of their Motion and the evidence presented in support thereof, find that an enforceable settlement agreement had been reached.

Dated: December 20, 2017

Respectfully submitted,

PALMER ADMINISTRATIVE SERVICES, INC. and FORTEGRA FINANCIAL CORPORATION

By Counsel

    /s/ David S. Wayne
David S. Wayne
Michael A. Jacobson
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200

Chicago, IL 60601
312-876-7865 (telephone)
312-876-0288 (facsimile)
david.wayne@saul.com
michael.jacobson@saul.com

and

Mitchell N. Roth (*pro hac vice*)
Genevieve C. Bradley (*pro hac vice*)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
703-485-3531 (telephone)
703-485-3525 (facsimile)
mroth@rothjackson.com
gbradley@rothjackson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December 2017, the foregoing document was filed via ECF and sent via electronic mail, to:

Yevgeniy Y. Turin
Mcguire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
(312) 893-7002

Michael J. McMorrow
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602

/s/ David S. Wayne